UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RPCG-GP I, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-2325-B |
| | § | |
| JPMorgan Chase Bank, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("Chase")'s Motion to Dismiss (Doc. 5). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion. The Court **DISMISSES** Plaintiff RPCG-GP I, LLC ("Redpoint")'s claim for Aiding and Abetting under the Texas Securities Act **WITH PREJUDICE**. Redpoint's claims for fraud and conspiracy survive.

## I.

## BACKGROUND

This dispute arises out of a Ponzi scheme. Doc. 1-1, Pet., 2. From December 2017 to March 2018, Redpoint "invested" $30 million with purported financiers who said they would buy $316 million in consumer debt at a discount. *Id.* ¶¶ 19, 30, 71. These financiers were actually fraudsters. *Id.* ¶¶ 11–12. As part of the scheme, Redpoint wired millions of dollars to the fraudsters' bank account at Chase. *Id.* ¶¶ 30–33. But the fraudsters did not invest Redpoint's money, and Redpoint lost $26 million. *Id.* ¶¶ 14, 36.

Redpoint learned of the fraud in 2018. *Id.* ¶ 72. At that time, its owners, Andy Thomas and

Alex Dunev, bought out the $30 million investment from their third-party investors and gave Cruden Bay ("Cruden") the right to any money recovered from the fraudsters. *Id.* ¶ 73. Thomas and Dunev also owned Cruden. *Id.* Thomas and Dunev believed Cruden "had the rights to act for [Redpoint] in all capacities, including for all causes of action personal and specific to [Redpoint]." *Id.* ¶ 73. Cruden was "the primary point of contact with the SEC receiver charged with distributing recovered funds from the Fraudsters," and Cruden received all receiver funds owed to Redpoint from the fraud. *Id.*

In February 2019, Redpoint filed a state petition seeking a pre-suit deposition of Chase to investigate potential claims. Doc. 5, Mot., 3.[1] The court summarily denied Redpoint's petition. Doc. 6, App'x, 27. In July 2020, Cruden sued the fraudster and later added Chase as a defendant. *See Cruden Bay Holdings, LLC v. JPMorgan Chase Bank N.A.*, No. 3:21-CV-1170-X, Doc. 1-5, Pet., 5; Doc. 1-5, First Am. Pet., 197.[2]

In August 2024, Cruden's case was dismissed for lack of subject-matter jurisdiction. *See Cruden Bay Holdings, LLC v. JPMorgan Chase Bank N.A.*, No. 3:21-CV-1170-X, 2024 WL 3974724, at *3 (N.D. Tex. Aug. 27, 2024) (Starr, J.). The court held Cruden lacked Article III standing. *Id.*

Redpoint now sues Chase, bringing the same claims it alleged in its prior suit: fraud, conspiracy, and aiding and abetting under § 4008.55(c) of the Texas Securities Act ("TSA"). Doc. 1-1, Pet., ¶¶ 48–67. Chase moves to dismiss each of Redpoint's claims, arguing they are barred by the applicable statute of limitations and statute of repose. Doc. 5, Mot., 1. The Court considers Chase's Motion below.

---

[1] The Court takes judicial notice of these public court filings. *See Cooper v. Canidae Corp.*, No. 6:20-CV-077-H, 2020 WL 13532970, at *3 (N.D. Tex. Dec. 17, 2020) (Hendrix, J.) ("Fifth Circuit precedent permits a court to take judicial notice at any stage of a proceeding . . . .").

[2] The numbers following Doc. 1-5 refer to ECF pagination.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotations omitted).

## III.

## ANALYSIS

Chase's Motion to Dismiss is **DENIED IN PART** and **GRANTED IN PART**. First, the Court **DENIES** Chase's Motion to dismiss Redpoint's fraud and conspiracy claims because Redpoint pleads a basis for statutory tolling. Therefore, the Court need not decide whether equitable

tolling applies. Second, the Court **GRANTS** Chase's Motion to dismiss Redpoint's TSA claim and dismisses it **WITH PREJUDICE**.

A.      *Redpoint Pleads a Basis for Tolling its Fraud and Conspiracy Claims.*

The Court denies Chase's Motion to Dismiss as to Redpoint's fraud and conspiracy claims because Redpoint pleads a basis for tolling. A motion to dismiss may be granted on a statute of limitations defense when it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling. *Taylor v. Bailey Tool Mfg.*, 744 F.3d 944, 946 (5th Cir. 2014). State law determines the statute of limitations in diversity cases. *See Tex. Soil Recycling, Inc. v. Intercargo Ins.*, 273 F.3d 644, 649 (5th Cir. 2001). Fraud claims and conspiracy to commit fraud claims each have a four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4) (fraud claim); *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019) (noting the statute of limitations for a conspiracy is the same as the underlying tort).

Redpoint alleges its claims for fraud and conspiracy accrued in September 2018, when the Ponzi scheme was revealed. Doc. 1-1, Pet., ¶ 72. Therefore, Redpoint's claims expired by September 2022 absent a basis for tolling.

But Redpoint raises a basis for tolling: § 16.064. *Id.* ¶ 70. This provision tolls the statute of limitations if a claim is dismissed for lack of jurisdiction and the same action is refiled within 60 days. TEX. CIV. PRAC. & REM. CODE § 16.064. The provision "does not apply if the adverse party has shown . . . that the first filing was made with intentional disregard of proper jurisdiction." *Id.* Redpoint raised a basis for tolling because its claim was dismissed for lack of jurisdiction, it refiled the same action within 60 days, and its first filing was not "made with intentional disregard of proper jurisdiction." *Id.*

1.     Redpoint Raised a Basis for Tolling.

First, Redpoint's first claim was dismissed for lack of jurisdiction, and it filed the same action within 60 days. Redpoint's claim was dismissed for lack of jurisdiction because the court held Cruden "lacks Article III standing" and denied leave to amend because it "cannot cure the jurisdictional defect of *lack of subject-matter jurisdiction*." *Cruden Bay Holdings, LLC*, 2024 WL 3974724, at *3 (emphasis added); *see Triple P.G. Sand Dev., LLC v. Del Pino*, 649 S.W.3d 682, 696 (Tex. App.–Hous. [1st Dist.] 2022, no pet.) (finding the Texas Legislature did not intend a narrow reading of "jurisdiction" in § 16.064 and noting "jurisdiction was a term of comprehensive import" when § 16.064 was enacted (quotation omitted)).

And Redpoint re-filed the same action as the one it filed in the first case. Texas courts have interpreted "same action" somewhat broadly. *See Garrett Operators, Inc. v. City of Hous.*, 461 S.W.3d 585, 592 (Tex. App.–Hous. [1st Dist.] 2015, no pet.) (finding a new suit was the "same action" as one previously filed under § 16.064 because, though it added new claims, the additional claims were based on the same transaction or occurrence). Here, the facts, people, and claims asserted are the same in both cases. *Compare* Doc. 1-1, Pet. (describing the Ponzi scheme and asserting claims for fraud, conspiracy, and aiding and abetting under the TSA) *with Cruden Bay Holdings*, No. 3:21-CV-1170-X, Doc. 49, Fourth Am. Compl. (describing the same facts and asserting the same claims). Both cases allege the plaintiffs wired millions of dollars to the same fraudsters' Chase account under the pretense that the fraudsters could buy discounted debt. *See Cruden Bay Holdings*, No. 3:21-CV-1170-X, Doc. 49, Fourth Am. Compl., ¶¶ 9, 28, 34; Doc. 1-1, Pet., ¶¶ 10, 30, 32. Redpoint here alleges the same scheme, carried out by the same fraudsters, during the same time frame, causing the same injury that Cruden alleged in *Cruden Bay Holdings*. *See id.*

Chase argues this is not the same action because Redpoint is the plaintiff here, while Cruden was the plaintiff in the previous action. Doc. 5, Mot., 9 n.4. But causes of action are assignable, so an action is not inherently defined by its plaintiff. *See Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 773–74 (2000) ("[T]he assignee of a claim has standing to assert the injury in fact suffered by the assignor.").

And Chase contends § 16.064 does not apply because "[t]his was not an instance of the *right* party filing in the *wrong* court," but "an instance of the *wrong* party filing, period." Doc. 5, Mot., 9 (emphasis in original). But the statute does not require the same plaintiff to file the actions. *See* TEX. CIV. PRAC. & REM. CODE § 16.064; *Wright v. Ford Motor Co.*, 508 F.3d 263, 269 (5th Cir. 2007) ("When we interpret a Texas statute, we follow the same rules of construction that a Texas court would apply—and under Texas law the starting point of our analysis is the plain language of the statute."). Instead, it discusses the "filing of the same action" without mentioning who is filing the action. *See id.*

The Texas Supreme Court recently declined to read a requirement into § 16.064 that the plain text did not require. *See Sanders v. Boeing Co.*, 680 S.W.3d 340, 349 (Tex. 2023). In *Sanders*, plaintiffs' complaint was dismissed for lack of diversity jurisdiction, and they refiled their complaint after the statute of limitations had expired. *Id.* at 344–45. In the later action, the district court dismissed their case, "holding Section 16.064 did not suspend the running of limitations because the [prior] district court was not deemed a 'wrong court' pursuant to the requirements of section 16.064." *Id.* at 345 (quotation omitted). After plaintiffs appealed, the Fifth Circuit certified a question to the Texas Supreme Court. The Texas Supreme Court held, "Section 16.064(a)(1)'s plain language does not support a 'wrong court' requirement." *Id.* at 347. Therefore, § 16.064(a) tolled

plaintiffs' claims. *Id.* at 358.

In *Sanders*, defendant argued § 16.064 did not toll the plaintiffs' claims because their case was dismissed because they failed to adequately plead diversity jurisdiction, not because the court was not a court of proper jurisdiction. *Id.* at 349. Defendant noted that "subsection (a)(2) expressly requires that the 'same action' be refiled in a 'different court' that is a 'court of proper jurisdiction.'" *Id.* Because the "'different' court in which the action is later filed must be one of 'proper jurisdiction'" under § 16.064, the defendant argued "the prior court must necessarily have been one of improper jurisdiction." *Id.* (quotations omitted). In other words, the defendant argued the statute required the first action to be filed in the "wrong court." *See id.* The Texas Supreme Court rejected this argument because it "overlook[ed] the statute's plain language." *Id.* The plain language only "requires that the action be *dismissed* from that court '*because of* lack of jurisdiction.'" *Id.* at 350 (quoting and adding emphasis to § 16.064(a)(1)). The court rejected reading into the statute a requirement "that the prior court be a 'court of improper jurisdiction' or even a court that 'lacks jurisdiction,'" because neither requirement is in the plain language of the statute. *Id.* The court thus declined to adopted defendant's "proposed narrow construction," notwithstanding its prior decisions that "used language that could be read to support" it. *Id.* at 345.

The reasoning in *Sanders* informs the Court's analysis here. *See Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) ("[I]n the absence of a final decision by [the state's highest] court on the issue under consideration, we must determine . . . how the state's highest court would resolve the issue if presented with it." (quotations and alterations omitted)); *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989) ("In diversity cases, of course, federal courts apply state statutes of limitations and related state law governing tolling of the limitation period."). Just as the Texas

Supreme Court refused to read a "wrong court" requirement into the statute, the Court will not read in a "right party" requirement that is not found in the statute's plain text. *See Sanders*, 680 S.W.3d at 350; *cf. Triple P.G. Sand Dev., LLC*, 649 S.W.3d at 695 ("In interpreting section 16.064(a), we are mindful that tolling provisions are remedial in nature and are to be liberally construed.").

Chase further argues "[c]ontrolling Fifth Circuit precedent establishes that the Texas Savings Statute . . . does not apply when the first action was filed by a party that lacked standing to sue." Doc. 9, Reply, 4. Citing to a case the Fifth Circuit decided nine years before *Sanders*, Chase argues Redpoint must face the consequences of its "'calculated' litigation risk" of filing as Cruden instead of Redpoint. *Id.* at 4–5 (quoting *Agenbroad v. McEntire*, 595 F. App'x 383, 389 (5th Cir. 2014). In *Agenbroad*, plaintiffs invested in an alleged Ponzi scheme and formed an association to sue the purported fraudsters. 595 F. App'x at 384. Plaintiffs' case was dismissed for lack of standing, so they refiled the case as individuals, not as the association. *Id.* at 385. The district court found that the association's case did not toll the individual plaintiffs' case under § 16.064. *Id.* The Fifth Circuit affirmed, holding that § 16.064's "plain language . . . indicates that it is meant to apply only where the plaintiff's suit was filed in the 'wrong court.'" *See id.* at 387–88 (citing cases declining to apply § 16.064 when they were not dismissed because they were brought in the wrong court).

*Agenbroad* is inapposite because the Fifth Circuit's interpretation relied on reasoning that the Texas Supreme Court has since rejected. *Agenbroad* held that § 16.064 has a "wrong court" requirement. *Id.* at 387. *Sanders*, however, held that "Section 16.064(a)(1) does not require that the prior court was the 'wrong court' or that it 'lacked jurisdiction.'" 680 S.W.3d at 349; *see also Pondexter v. Quarterman*, 537 F.3d 511, 523 (5th Cir. 2008) (noting prior decisions are not necessarily followed when "there has been an intervening change of law by a controlling authority" (quotation omitted)).

And while the Fifth Circuit noted the plaintiffs "made a strategic decision to use an unconventional litigation vehicle to bring their [litigation] claims," which Chase argues is what Redpoint did here, this fact was not dispositive. *Agenbroad*, 595 F. App'x at 389. Instead, the Fifth Circuit held § 16.064 did not apply because "[t]he problem with [plaintiffs'] first lawsuit was . . . not the jurisdiction of the Texas courts." *Id.* So even though *Agenbroad* held § 16.064 did not apply in a factually similar scenario, because it relied on reasoning that embraced a "wrong court" requirement in § 16.064, it does not require dismissal here. *See Sanders*, 80 S.W.3d at 349. Accordingly, the Court holds Redpoint brought the "same action" under § 16.064.

    2.    Redpoint Did Not Intentionally Disregard Proper Jurisdiction.

The Court does not find at this stage that Redpoint intentionally disregarded proper jurisdiction. Section 16.064 does not toll the statute of limitations "if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction." TEX. CIV. PRAC. & REM. CODE § 16.064(b). "This section 'was drafted precisely because "capable lawyers" often make "good faith" mistakes' on jurisdiction, but 'it does not apply to a strategic decision to seek relief from' a court lacking jurisdiction." *Savoia-McHugh v. McCrary*, No. H-20-3387, 2022 WL 1997191, at *6 (S.D. Tex. June 6, 2022) (quoting *In re United Services Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010)).

Cruden sued because it "believed in good faith that Cruden Bay had the rights to act for [Redpoint] in all capacities, including for all causes of action personal and specific to [Redpoint]." Doc. 1-1, Pet., ¶ 73. Redpoint "transferred the right to any receivable from [Redpoint] to Cruden Bay, an entity which Thomas and Dunev also own and are the managers of." *Id.* ¶ 72. Cruden was also "the primary point of contact with the SEC receiver charged with distributing recovered funds

from the [fraud], and Cruden Bay in fact did receive all receiver funds owed to [Redpoint]." *Id.* ¶ 73. Because Redpoint alleged that it believed Cruden Bay had the rights to act on Redpoint's behalf for all its causes of action, the Court does not find that Redpoint intentionally disregarded proper jurisdiction when it sued as Cruden. *See Stevens*, 529 U.S. at 773–74 (noting an assignee of a claim can sue for an assignor's injuries).

Chase argues § 16.064 does not apply because Redpoint made a strategic decision—not a mistake of law—to file its first Complaint as Cruden instead of Redpoint. Doc. 5, Mot., 10. It argues "Cruden never disclosed Redpoint or explained Redpoint's involvement in the underlying events, instead insisting that it was the injured party that had invested." Doc. 9, Reply, 3. But Chase also argues Redpoint—not Cruden—filed a state petition to depose Chase in February 2019. Doc. 5, Mot., 11.[3] Given that Redpoint had already sought a deposition regarding the same fraud for which it later sued as Cruden, the Court does not find Redpoint concealed its identity from Chase to intentionally disregard proper jurisdiction. Chase argues that only after Redpoint lost its deposition petition did "Cruden strategically sue[] on Redpoint's claims as a mere shareholder of Redpoint, knowing it lacked an injury in fact and did not even exist when the fraud on Redpoint occurred." Doc. 5, Mot., 11. But the state court's summary dismissal of Redpoint's deposition petition does not show that Redpoint, by later suing as Cruden, intentionally disregarded proper jurisdiction. *See* Doc. 6, App'x, 27 (summarily dismissing Redpoint's deposition petition).

Chase further argues that when it questioned Cruden's standing, Cruden "insist[ed it] . . . owns the claims asserted." Doc. 5, Mot., 11. And only "in the waning days of the discovery period [did] Cruden" amend its discovery responses to say "it interpreted requests to refer to both Cruden

---

[3] The Court takes judicial notice of these public filings. *See Cooper*, 2020 WL 13532970, at *3.

and Redpoint." Doc. 9, Reply, 3. That is also when Cruden amended its requests to "be deemed to have been served by Redpoint" if its motion for leave to substitute plaintiff were granted. *Id.* & 3 n.5. Therefore, its action "was a calculated maneuver as part of an effort for Redpoint to distance itself from its fraud losses." *Id.* But attempting to distance itself from fraud losses is different from disregarding proper jurisdiction. While Chase can raise its intentional disregard defense at a later stage, the Court does not currently find that Redpoint intentionally disregarded proper jurisdiction.

Accordingly, Redpoint raised a basis for tolling because it brought the "same action" under § 16.064, and the Court does not find that Redpoint intentionally disregarded proper jurisdiction. Therefore, the Court need not decide whether equitable tolling applies.

B.    *Redpoint's TSA Claim is Time-barred.*

Redpoint's aiding and abetting claim under the TSA is time-barred, and the Court dismisses it with prejudice. A court can dismiss a case under Rule 12(b)(6) based on a statute of repose that appears on the face of the pleadings. *See Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) *Balthazar & Sons Custom Homes & Remodeling, LLC v. Fuller*, No. 05-17-00956-CV, 2018 WL 3129743, at *2 (Tex. App.–Dallas, June 25, 2018, no pet.) (noting a statute of repose is an affirmative defense).

"Unlike traditional limitations provisions, which begin running upon accrual of a cause of action, a statute of repose runs from a specified date without regard to accrual of any cause of action." *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 866 (Tex. 2009). "[A] statute of repose may run before a plaintiff has even suffered an injury." *F.D.I.C. v. RBS Sec. Inc.*, 798 F.3d 244, 251 (5th Cir. 2015). While statutes of limitations require plaintiffs to diligently pursue their claims, statutes of repose have "a different emphasis." *Id.* Statutes of repose "effect a legislative judgment that a defendant should be free from liability after the legislatively determined period of time." *Id.*

"A statute of repose, by design, creates a right to repose precisely where the applicable statute of limitations would be tolled or deferred" and does not "yield to the plaintiff's inability to discover her injury." *Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*, 307 S.W.3d 283, 290 (Tex. 2010).

Meanwhile, Texas's statutes of limitations begin to run when the cause of action *accrues*. *See Pochucha*, 290 S.W.3d at 866 (noting while limitations provisions "begin running upon accrual . . . , a statute of repose runs from a specified date without regard to accrual"); *see also* TEX. CIV. PRAC. & REM. CODE § 16.004 (requiring various actions to be brought within four years of "the day the cause of action accrues"); *id.* § 16.051 (requiring actions with no express limitations period to be brought "not later than four years after the day the cause of action accrues").

Here, the Court first finds that § 4008.062 is a statute of repose, rather than a statute of limitations. Second, the Court finds Redpoint's claim is time-barred.

1.    Section 4008.062(b)(2) Imposes a Statute of Repose.

The TSA imposes a five-year statute of repose that bars suit "more than five years after the date of the sale" at issue. TEX. GOV'T CODE § 4008.062(b)(2). "Courts that have addressed the issue squarely . . . have consistently held that the [TSA's] five-year period is a statute of repose, not a statute of limitations." *Brooks v. United Dev. Funding III, L.P.*, No. 4:20-CV-00150-O, 2020 WL 6132230, at *14 (N.D. Tex. Apr. 15, 2020) (O'Connor, J.). The Court here, too, finds that § 4008.062(b)(2) is a statute of repose.

Section 4008.062's language indicates it is a statute of repose. Section 4008.062(b) has four conditions. *See* TEX. GOV'T CODE § 4008.062(b). If any one of them is satisfied, a suit is barred. *Id.* Therefore, though § 4008.062(b)(1) allows claims under the TSA within "three years after the date

of discovery of the" harm, the deadline of five years from the date of sale supersedes the three-year discovery rule. *Id.* The statute prohibits suits both "more than three years after the date of discovery" and "more than five years after the date of the sale." So if the five-year date is earlier, a lawsuit is barred. *Cf. Taylor v. Trevino*, 569 F. Supp. 3d 414, 424 (N.D. Tex. 2021) (Fitzwater, J.) (citing TEX. BUS. & COM. ANN. § 24.010(a)(1), which contains a "discovery rule" and not an absolute bar because it applies in the alternative to the statute's four-year bar).

And the statute begins to run at the time of sale rather than the time when a claim accrues, which indicates it is not a statute of limitations. It provides, "A person may not sue under Section 4008.052, 4008.054, or 4008.055 . . . more than five years *after the date of the sale.*" TEX. GOV'T CODE § 4008.062(b)(2) (emphasis added). Because § 4008.062(b) bars suit relative to the date of sale, rather than the date of accrual, the Court finds it is a statute of repose, rather than a statute of limitations.

Redpoint offers several reasons why its TSA claim is not a statute of repose. All fail. First, Redpoint argues § 4008.062 is titled "statute of limitations" instead of "statute of repose." Doc. 8, Resp., 20. But the title "statute of limitations," rather than "repose," is instructive, not dispositive. *CTS Corp. v. Waldburger*, 573 U.S. 1, 13 (2014).

Redpoint further argues the Texas Supreme Court has treated § 4008.062's predecessor as a statute of limitations. Doc. 8, Resp., 20 (citing *Williams v. Khalaf*, 802 S.W.2d 651, 654 & n.3 (Tex. 1990) and *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006)). But neither of these cases held that § 4008.062 or its predecessor only imposed a statute of limitations. In *Williams*, the court explained that fraud lacks a statute of limitations, unlike various other causes of action. 802 S.W.2d at 654–56. It cited § 4008.062's predecessor in a footnote as an example of one of many statutes imposing a limitations period on a specific cause of action. *See id.* at 654 n.3 (citing TEX. REV. CIV.

STAT. ANN. art. 581–33(H)). And in *Via Net*, the court cited several causes of action for which accrual may be deferred under the discovery rule. 211 S.W.3d at 313. But it cites only to the statute's provision allowing suits no longer than three years after the discovery of a falsity or omission. *See id.* It does not discuss the statute's provision only allowing suit up to five years after the sale. Thus, these cases do not rebut the Court's holding that the five-year period supersedes the three-year period.

   2.    Redpoint's TSA Claim is Time-barred.

   Section 4008.062 bars Redpoint's TSA claim. A "statute of repose is an absolute bar to suit." *F.D.I.C. v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012). Here, the last sale was in March 2018. *See* Doc. 1-1, Pet., ¶ 71 (noting transactions occurred from December 2017 through March 2018). Therefore, Redpoint had to bring its § 4008.052 claim no later than March 2023. *See* TEX. GOV'T CODE § 4008.062(b)(2). Because Redpoint did not bring this suit until September 2024, its TSA claim is barred by the statute of repose.

   Redpoint contends that even if § 4008.062 is a statute of repose, its TSA claim relates back to the complaint in the prior lawsuit under Rule 15. *See* Doc. 8, Resp., 20–21; FED. R. CIV. P. 15(c). Rule 15(c) allows amended pleadings to relate back to an original pleading. *See* FED. R. CIV. P. 15(c)(1). Redpoint cites no authority applying Rule 15 to a previous lawsuit. And the Fifth Circuit held in an unreported opinion that Rule 15(c) "does not contemplate a subsequent complaint to relate back to a prior complaint that has been dismissed." *Johnson v. Lamartiniere*, 387 F. App'x 470, 472 (5th Cir. 2010).

   Even if the Rule allowed relation back across multiple lawsuits, it would not apply here. Rule 15 allows relation back when "the law that provides the applicable statute of limitations allows relation back." *Id.* 15(c)(1)(A). Section 4008.062 is silent on relation back. Other Texas statutes

explicitly toll the limitations period for a particular reason. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE § 16.064 (tolling the statute of limitations when a claim is dismissed for lack of jurisdiction). "The state legislature could have included a similar provision in [§ 4008.062] if it had intended for" relation back to apply to new TSA claims asserted. *Balle v. Nueces Cnty.*, 952 F.3d 552, 557 (5th Cir. 2017) (quotation omitted). Because the legislature did not do so, the Court finds § 4008.062 does not allow relation back within the meaning of Rule 15(c)(1)(A). *See id.*; *see also In re: Tex. E&P Operating, Inc.*, No. 17-34386-SGJ-7, 2023 WL 3012268, at *11 (Bankr. N.D. Tex. Apr. 19, 2023) (noting that because a statute of repose makes timely filing "a substantive part" of a claim, it "is not subject to being over-ridden by a procedural rule such as Rule 15" under Texas law).

In sum, the TSA contains a statute of repose, which bars suits brought after five years of the sale at issue. Because the statute applies here, Redpoint's TSA claim is dismissed with prejudice as time barred. *See Angel v. Consol. Freightways, Inc.*, 71 F.3d 879 (5th Cir. 1995).

## IV.

## CONCLUSION

For the foregoing reasons, Chase's Motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Court **DISMISSES** Redpoint's claim for Aiding and Abetting Under the Texas Securities Act **WITH PREJUDICE**. Redpoint's claims for fraud and conspiracy survive. Chase must file an Answer within 14 days of the date of this Order.

SO ORDERED.

SIGNED: July 31, 2025.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE