UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RPCG-GP I LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-2325-X |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant JPMorgan Chase Bank N.A.'s (Chase) motion for summary judgment. (Doc. 28). Having considered the motion, the briefing, and the applicable law, the Court **GRANTS** Chase's motion and **FINDS AS MOOT** Chase and RPCG-GP 1 LLC's (Redpoint) respective motions to strike (Docs. 35, 36, 38, 39).

## I. Background

This case arises out of a Ponzi scheme where several now-convicted fraudsters scammed Redpoint. Redpoint learned of the fraud in 2018 and gave Cruden Bay (Cruden) the right to any money recovered from the fraudsters. Cruden has a 100% membership interest in Redpoint.

To date, Redpoint and Cruden have brought several actions related to Chase. First, in 2019, Redpoint (acting on its own behalf) sought pre-suit discovery from Chase in Tarrant County and Travis County. Both state courts denied Redpoint's pre-suit discovery attempts.

Then, in July 2020, Cruden sued one of the fraudsters in the 192nd District Court of Dallas County, Texas, and later added Chase as a defendant.[1] Chase removed the case to this Court. In August 2024, this Court dismissed Cruden's case for lack of subject-matter jurisdiction, holding that Cruden lacked standing because "Cruden, as a member of Redpoint, cannot bring suit for an injury solely suffered by Redpoint."[2] The Court denied Cruden leave to amend to substitute Redpoint as the real party in interest based on Cruden's lack of standing.

Then, in September 2025, Redpoint sued Chase—again in the 192nd District Court of Dallas County. Chase again removed the case to this Court. Redpoint's corporate representative agreed in a deposition that all causes of action arising from Redpoint's transactions with the fraudsters were "personal and specific to Redpoint at all times."[3] Redpoint's corporate representative also asserted in a declaration that Redpoint had a good faith belief that Cruden could pursue Redpoint's claims on behalf of Redpoint.

## II. Legal Standard

District courts can grant summary judgment only if, viewing the evidence in the light most favorable to the non-moving party, the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] *See Cruden Bay Holdings, LLC v. JPMorgan Chase Bank N.A.*, No. 3:21-CV-1170-X, Doc. 1-5, Pet., 5; Doc. 1-5.

[2] *Cruden Bay Holdings, LLC v. JPMorgan Chase Bank N.A.*, No. 3:21-CV-1170-X, 2024 WL 3974724, at *3 (N.D. Tex. Aug. 27, 2024) (Starr, J.).

[3] Doc. 30-2 at 331–33.

matter of law."[4] A dispute "is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party."[5] If the movant presents a properly supported motion, "the burden shifts to the nonmoving party to show that summary judgment is inappropriate."[6] "[M]ere allegations or denials" will not suffice; nor will "unsubstantiated or conclusory assertions that a fact [dispute] exists."[7] The nonmovant must present "evidence sufficient to support a jury verdict."[8]

## III. Analysis

Redpoint's fraud and conspiracy claims fail because the limitations period has expired. The parties agree that Redpoint filed this lawsuit outside of the limitations period.[9] But Redpoint argues that statutory and equitable tolling exceptions in Texas law save its claims.[10] The Texas Supreme Court has never addressed how equitable or statutory tolling apply when the *wrong plaintiff* files a lawsuit. Accordingly, the Court addresses each tolling argument in turn with its best *Erie* guess.[11]

---

[4] FED. R. CIV. P. 56(a).

[5] *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (cleaned up).

[6] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[7] *Id.*

[8] *Id.*

[9] Redpoint alleges its claims for fraud and conspiracy accrued in September 2018, when the Ponzi scheme was revealed. Doc. 1-1 at 18–19 (within Redpoint's Original Petition). Therefore, Redpoint's claims expired by September 2022 absent a basis for tolling.

[10] *See* Doc. 44 at 23.

[11] "When the Texas Supreme Court has not directly spoken, the Court must 'make an Erie guess and determine, in their best judgment how the State's highest court would resolve the issue if presented with the same case.'" *Accident Fund Ins. Co. of Am. v. Oncor Elec. Delivery Co., LLC*, No. 3:25-CV-0375-X, 2026 WL 936334, at *2 (N.D. Tex. Apr. 7, 2026) (Starr, J.) (quoting *Jatera Corp. v. US Bank Nat'l Ass'n*, 917 F.3d 831, 835 (5th Cir. 2019) (cleaned up)).

*Statutory Tolling*

Redpoint argues that statutory tolling applies under Texas Civil Practice & Remedies Code section 16.064.[12] Section 16.064 tolls the statute of limitations for:

> the period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court . . . if (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed . . .; and (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.[13]

Chase argues that statutory tolling fails for three reasons: First, Cruden and Redpoint both filed their actions in the District Court of Dallas County, meaning Redpoint did not file the second action "in a different court."[14] Second, Cruden and Plaintiff are different parties, so the second action is not the "same action."[15] Third, Cruden filed the first suit "with intentional disregard of proper jurisdiction."[16]

The Court agrees with Chase's first argument because Redpoint fails to meet section 16.064(a)'s requirements under the statute's plain text.[17] Redpoint argues that it filed the second action "in a different court" because this Court—not the Dallas

---

[12] Doc. 44 at 23–24.

[13] TEX. CIV. PRAC. & REM. CODE § 16.064(a).

[14] Doc. 29 at 20.

[15] *Id.* at 18–20.

[16] *Id.* at 21–23.

[17] *See Wright v. Ford Motor Co.*, 508 F.3d 263, 269 (5th Cir. 2007) ("When we interpret a Texas statute, we follow the same rules of construction that a Texas court would apply—and under Texas law the starting point of our analysis is the plain language of the statute.").

County court—dismissed the first action for lack of standing following removal.[18] But Redpoint's reading does not square with section 16.064's plain text.[19]

The Texas Supreme Court declines to read requirements into statutes that the plain text does not require.[20] In *Sanders*, that court concluded that "[s]ection 16.064(a)(1) does not require that the prior court was the 'wrong court' or that it 'lacked jurisdiction.' It requires that the prior action was dismissed 'because of lack of jurisdiction.'"[21] So that court declined to read into the text a requirement that the dismissing court had to have no jurisdiction over the case in the first place.[22]

Similarly, here, the Court cannot read out section 16.064(a)'s "different court" requirement. Cruden filed the first action in the 192nd District Court of Dallas County and Redpoint filed the second action in the 192nd District Court of Dallas County.[23] Chase removed both actions to this Court. And this Court will rule on both actions. It makes little sense to conclude that section 16.064's "different court" requirement allows plaintiffs to file their first and second actions in the same state court and then have those actions removed to and ruled on by the same federal court. Accordingly, Redpoint's statutory tolling argument fails.

---

[18] *See* Doc 44 at 24–25; *see also* TEX. CIV. PRAC. & REM. CODE § 16.064(a).

[19] *See* TEX. CIV. PRAC. & REM. CODE § 16.064(a).

[20] *See Sanders v. Boeing Co.*, 680 S.W.3d 340, 348–49 (Tex. 2023).

[21] *Id.* at 349 (cleaned up) (citing TEX. CIV. PRAC. & REM. CODE § 16.064(a)).

[22] *Id.*

[23] Doc. 29 at 20.

*Equitable Tolling*

Redpoint's equitable tolling arguments also fail. Texas courts equitably toll cases in three situations. First, "when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time."[24] Second, "where a complainant was induced or tricked by his adversary's misconduct into allowing filing deadlines to pass."[25] And third, "where a claimant actively pursued his judicial remedies but filed a defective pleading during the statutory period."[26] "Equitable tolling is not an insurance policy."[27]

Here, the first equitable tolling situation does not apply because Redpoint had all the information it needed to participate along with Cruden when Cruden sued Chase in 2021.[28] The second situation fails because no trickery occurred. So the Court need only analyze the third situation: whether Redpoint "actively pursued [its] judicial remedies but filed a defective pleading."[29]

Unlike the traditional Texas tolling cases where the plaintiff named the wrong defendant or sued in the wrong court, here, *the wrong plaintiff* (Cruden) filed the first lawsuit. That distinction matters. Even accounting (as is proper at this stage) for

---

[24] *Lewallen v. Cross*, No. 03-14-0026-CV, 2014 WL 4365081, at *2 (Tex. App.—Austin Aug. 27, 2014, no pet.) (quoting *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 311 (Tex. 2010)).

[25] *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.) (cleaned up).

[26] *Id.* (cleaned up).

[27] *Agenbroad v. McEntire*, 595 Fed. App'x. 383, 390 (5th Cir. 2014) (cleaned up).

[28] Docs. 11 at 2; 29 at 12.

[29] *Bailey*, 154 S.W.3d at 920 (cleaned up).

Redpoint's good faith belief that Cruden could pursue claims on Redpoint's behalf,[30] Redpoint only has itself to blame for not participating in the original lawsuit.

Redpoint's corporate representative agreed that all causes of action arising from Redpoint's transactions with the fraudsters were "personal and specific to Redpoint at all times."[31] And Redpoint even took previous judicial action against Chase by unsuccessfully seeking pre-suit discovery in a Tarrant County state court in 2019.[32] Still, instead of suing Chase itself in 2021, Redpoint decided to let Cruden sue Chase.[33] So the uncontroverted evidence shows that Redpoint could have participated Cruden's first lawsuit from the beginning. It had the power to control its own pleadings.

Accordingly, equitable tolling does not apply, and Redpoint's claims are time barred. So the Court **GRANTS** Chase's motion for summary judgment.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Chase's motion for summary judgment and **DISMISSES WITH PREJUDICE** Redpoint's claims against Chase.

**IT IS SO ORDERED** this 3rd day of November, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[30] *See* Doc. 44 at 1671–75 (Declaration of Andy Thomas, Redpoint's corporate representative).

[31] Doc. 30 at 559–61.

[32] Docs. 11 at 2; 29 at 12.

[33] *See* Doc. 1-1 at 1, 17 & n.2 (within Redpoint's Original Petition).